UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24CV1161 HEA |
| BAUMAN OIL DISTRIVUTORS, INC., | ) |
| Defendant. | ) |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant's Motion to Quash, [Doc. No. 31]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.

On July 14, 2025, Defendant filed its Motion to Quash Plaintiff's Request for Documents. Defendant claims it has already produced the documents, except those documents which are protected by the client/insurer privilege.

In response, Plaintiff claims that while Defendant has produced certain insurance policies from 1983-2003, such production does not alleviate the requirement that Riverstone and/or Ranger must produce the policies it has. Further, with respect to the claim of privilege, Plaintiff argues Defendant should produce a privilege log in order to ascertain the validity of the privilege claim.

Finally, Plaintiff argues the Motion must be denied because Defendant failed to meet and confer with it in accordance with the Court's Local Rule 3.04.

Local Rule 3.04 provides:

Rule 3.04 (FRCP 37) Motions Concerning Discovery and Disclosure.

(A) The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Local Rule 3.04(A).

"When parties meet and confer, the issues become 'narrower and clearer,' which 'save[s] the Court's and the parties' time and resources.'" *Veach v. Nice*, No. 25-05008-CV-SW-WBG, 2025 WL 3503116, at *2 (W.D. Mo. Dec. 5, 2025) quoting *Strickland v. Kan. City, Mo. Bd. of Police Comm'rs*, No. 4:23-cv-00313-DGK, 2023 WL 11898279, at * 2 (W.D. Mo. Nov. 13, 2023); see also *Healthmate Int'l, LLC v. French*, No. 15-00761-CV-W-BP, 2017 WL 11681766, at *2 n.1 (W.D. Mo. Feb. 6, 2017) (observing adherence to Local Rule 37.1 allows the parties and the Court to more quickly resolve discovery disputes than briefing of the issues).

Defendant's counsel has not certified he conferred with Plaintiff's counsel to resolve the dispute. The Court therefore will deny the motion without prejudice.

☐

If Defendant maintains its dispute with Plaintiff's subpoena, Defendant's counsel in good faith shall meet and confer with Plaintiff's counsel. If the parties are unable to resolve the dispute, in whole or in part, after meeting and conferring in good faith, Defendant is free to refile the Motion to Quash. In any refiled motion, counsel shall specifically detail the meeting and advise the Court what documents remain outstanding. Defendant shall further provide a privilege log to Plaintiff prior to the meeting with Plaintiff's counsel.

Dated this 26th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE